UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOW MING YEH, | No. 2:13-cv-262-TLN-EFB P |
| Petitioner, | |
| v. | |
| JOHN DOE WARDEN, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He alleges that prison officials violated his due process rights in connection with a February 2007 prison disciplinary hearing, which resulted in a determination of guilt and a forfeiture of 180 days of credits. ECF No. 1. Respondent moves to dismiss on the grounds that petitioner failed to exhaust his state judicial remedies and filed the petition beyond the statue of limitations. ECF No. 13. The court finds that the petition is unexhausted and should therefore be dismissed.

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

/////

1

1    Exhaustion of state remedies requires that petitioners fairly present federal claims to the
2 highest state court, either on direct appeal or through state collateral proceedings, in order to give
3 the highest state court "the opportunity to pass upon and correct alleged violations of its
4 prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations
5 omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in
6 state court unless he specifically indicated to that court that those claims were based on federal
7 law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir.
8 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal
9 law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations
10 omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas
11 corpus must include reference to a specific federal constitutional guarantee, as well as a statement
12 of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a
13 state court "must surely be alerted to the fact that the prisoners are asserting claims under the
14 United States Constitution").

15    In addition to identifying the federal basis of his claims in the state court, the petitioner
16 must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541
17 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner
18 must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give
19 application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511
20 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.
21 1958)).

22    Here, petitioner alleged in the petition that he appealed the 2007 disciplinary ruling to the
23 California Supreme Court, and that the court denied the appeal. ECF No. 1 at 2. Petitioner did
24 not allege any other facts regarding this purported appeal; nor did he attach any supporting
25 exhibits to the petition. *See generally id.* In the motion to dismiss, respondent asserts that there is
26 no record of petitioner ever challenging the 2007 prison disciplinary decision in the California
27 Supreme Court. ECF No. 13 at 2. Petitioner, who filed a statement of opposition to the motion,
28 /////

does not refute respondent's representation or otherwise demonstrate that he has actually presented the claims raised herein to the California Supreme Court.  *See* ECF No. 16.

Accordingly, the court finds that petitioner's claims were not fairly presented to the California Supreme Court, and thus, that court has not ruled on the merits of petitioner's claims. Therefore, petitioner's claims are unexhausted and federal habeas relief is unavailable.  Because the court finds that petitioner has failed to exhaust his state court remedies, the court need not reach the issue of whether the petition is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 3, 2013 motion to dismiss (ECF No. 13) be granted on the ground that the claims raised in this action are not exhausted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 10, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE